**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHOPIFY INC.**, a Corporation organized under the laws of Canada, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **MARCUS BURMAN** and **SAQLAIN SALEEM**, individuals, | ) ) ) |
| Defendants. | ) ) ) ) ) ) |

**Case No.**: **1:24-00537**

**COMPLAINT**

**PERMANENT INJUNCTIVE RELIEF REQUESTED**

**JURY TRIAL DEMANDED**

Plaintiff Shopify Inc. ("Shopify") hereby alleges for its Complaint against Defendants Marcus Burman ("Burman") and Saqlain Saleem ("Saleem") on personal knowledge as to its own actions and on information and belief as to the activities of others, as follows:

## <u>NATURE OF ACTION</u>

1.      Defendants Burman and Saleem have perpetrated a brazen fraud, forging court orders and other documents they submitted to Shopify in an effort to harm Defendant Burman's competitors.  This misconduct is a clear violation of the Digital Millennium Copyright Act (the "DMCA").  Shopify's lawsuit seeks to halt the misconduct and hold Defendants accountable for the damage they have caused.

2.      In 1998, Congress enacted the DMCA, 17 U.S.C. § 512, to provide a notice and counter-notice framework for addressing claims of online copyright infringement.  In general, the DMCA immunizes online service providers from claims of copyright infringement based on materials uploaded to the services by users, if the services promptly remove allegedly infringing

materials upon receipt of "takedown notices" from copyright holders.  When a targeted user receives a takedown notice that it contends is incorrect, it may file a prescribed counter notification to have the disputed content restored.  The disputed content will be restored after a two-week waiting period, unless the person who submitted the takedown notice informs the service provider that it has filed a lawsuit seeking to halt the infringing activity.

3.      For this procedure to operate effectively, the DMCA requires honesty in parties' communications with service providers.  Service providers do not know if parties are lying about infringement claims, defenses to those claims, or supposed litigation, and they remove or restore disputed content in reliance on all parties communicating truthfully.  To ensure that veracity, Congress included a provision in the DMCA authorizing those aggrieved by false representations of infringement to bring an action against the responsible party for damages. This action seeks to enforce that provision and obtain redress for Defendants' fraud.

4.      Defendant Burman was a Shopify merchant who directly, and indirectly through his agent Defendant Saleem, repeatedly lied to Shopify in a scheme to permanently disable the content of a competitor.  Defendants sent notices of alleged infringement to Shopify charging that the competitor was infringing Burman's copyrights. The competitor challenged the infringement claims via counter notices.  In light of those counter notices, Defendants knew that Shopify, following the DMCA's procedures, would reinstate the competing content absent litigation. But rather than file the required lawsuit, Defendants instead falsely told Shopify they had done so.  They even forged court orders (and other legal documents) and submitted them to Shopify as evidence to bolster their lie so that Shopify would not reinstate the competitor's content.  Initially, their scheme worked.  Shopify disabled the competitor's content and suspended the competitor's online store.  But through subsequent investigation, Shopify

uncovered the fraud, reversed the effects of Defendants' fraudulent scheme, and now seeks damages.

## PARTIES

5.      Plaintiff Shopify is a corporation organized under the laws of Canada, with its headquarters in Ottawa, Ontario, Canada.  Shopify is a cloud-based, e-commerce platform enabling all manner of merchants to operate and promote their businesses online.

6.      Defendant Marcus Burman is an individual who operated at least two stores on Shopify.  Burman resides in Sweden.

7.      Defendant Saqlain Saleem is an individual who purports to provide services to help online content creators protect their intellectual property.  For example, Saleem will complete and file DMCA takedown requests on behalf of alleged copyright owners.  Saleem resides in Pakistan.

## JURISDICTION AND VENUE

8.      The Court has original and exclusive jurisdiction for this matter under 28 U.S.C. § 1338.  This is a civil action arising under an Act of Congress governing copyrights, specifically under 17 U.S.C. § 512(f) of the Copyright Act.

9.      Venue in this jurisdiction is proper under 28 U.S.C. § 1391(b)(2).  A substantial part of the events or omissions giving rise to the claims occurred in this district, and/or a substantial part of the property that is subject to the claims is situated in this district.

## BACKGROUND

### Shopify and its DMCA Processes

10.      Shopify is a provider of online services.  It offers a platform to millions of merchants through which the merchants can operate online stores.  Merchants upload content for

those stores to Shopify's network.  Shopify hosts that content and makes it available to the online

world.  Shopify is thus a "service provider" as defined by the DMCA.

11.     In accordance with the DMCA, Shopify has registered an agent with the United

States Copyright Office to receive notices of alleged infringement from copyright holders.

12.     If a copyright holder believes that a merchant has uploaded to the Shopify

platform content that infringes their copyright, he may invoke the DMCA's procedures by

sending a takedown notice to Shopify's registered agent detailing the alleged infringement.  To

facilitate the submission of takedown notices, Shopify allows any copyright holder or their

authorized representative to access a form on the Shopify website at

https://help.shopify.com/en/legal/dmca#/login, where they can easily input the information the

DMCA requires for a valid takedown notice outlined in 17 U.S.C. § 512(c)(3)(A).

13.     As the host of millions of online storefronts from merchants all over the world,

Shopify receives thousands of DMCA takedown notices each month.  Shopify invests heavily in

engineering, customer support, and computer systems to process these notices.  In the vast

majority of cases, when Shopify receives a notice that substantially complies with the

requirements for a DMCA takedown notice, it promptly disables access to the allegedly

infringing material.  For Shopify merchants, that may mean that they can no longer sell allegedly

infringing products through their stores, or use allegedly infringing content to promote sales.

14.     If a Shopify merchant disputes a takedown notice, it can object through

submission of a counter notice to Shopify's DMCA agent.  Under the DMCA, Shopify must

typically wait two weeks following receipt of a counter notice before permitting the content to

return to the platform.  During this two-week period, if the person who asserted the takedown

notice files a lawsuit seeking to keep the content off the platform, Shopify will keep the targeted content offline during the duration of the lawsuit.

15.     Under certain circumstances, this notice-and-takedown process can even result in the complete termination of a merchant's online store.  Like all service providers that seek the DMCA's protections, Shopify implements a policy under which those who are "Repeat Infringers" lose access to the platform.  Under Shopify's policy, a takedown notice results in a "strike," and an accumulation of strikes over time results in termination.  By submitting a counter notice, an accused merchant can lift an associated strike pending the outcome of litigation between the parties.

Abuse of the DMCA Takedown Process

16.     Unscrupulous individuals are increasingly seeking to exploit the notice and counter-notice process for anticompetitive purposes.  These individuals know that service providers like Shopify will remove a competitor's content based upon properly-formatted allegations of infringement.  They also know that even where the competitor challenges the allegations, they can cause the service provider to keep the competitor's content down by falsely claiming to have filed an infringement lawsuit.

17.     These fraudulent schemes can cause real harm to Shopify merchants and harm Shopify's relationship with its merchants.  While Shopify works hard to prevent this behavior, it has difficulty distinguishing valid claims from bogus ones.

Defendants Burman and Saleem's Illegal Behavior

18.     Defendant Burman operated two online stores on the Shopify platform, each called MiniLabsters (minilabsters.com and minilabsters.co).  Through them, he sold a product

called The Miniscope—a small, portable microscope marketed towards children between the ages of 3 and 12.

19.     Your Little Scientist (yourlittlescientist.com) is a Shopify store that sells similar microscopes to children in the same age group.  Your Little Scientist is operated by a merchant that resides in Niagara Falls, New York.

20.     In March and April 2024, Burman sent a number of DMCA takedown notices to Shopify alleging that material on the Your Little Scientist website infringed Burman's copyright. Burman hired Defendant Saqlain Saleem—a self-described "DMCA Takedown Expert"— to complete the takedown notices and submit them on Burman's behalf.  Because Defendants' takedown notices substantially complied with the requirements of the DMCA, Shopify alerted Your Little Scientist to the takedown notices and removed the allegedly infringing content.

21.     Your Little Scientist then sent Shopify counter notices disputing Defendants' infringement allegations.  Shopify alerted Defendants of the counter notices, making clear that it would restore the disputed content in short order.  To prevent that, Defendants informed Shopify that Burman, on behalf of his store MiniLabsters, had filed lawsuits against Your Little Scientist. To support that claim, Defendants provided Shopify with what they claimed were "court orders" from these lawsuits that purportedly found Your Little Scientist liable for copyright infringement.

22.      Further investigation by Shopify revealed that Burman never actually filed lawsuits against Your Little Scientist.  Instead, Burman mocked up a form of order based on non-existent lawsuits, invented the name of a judge and signed that fictional judge's name to several phony orders.  Burman then had Saleem present these fake documents to Shopify as legitimate

court orders, all in an effort to cause Shopify to permanently disable Your Little Scientist's competing store.

23.     Attached as Exhibit A to this Complaint is one of the fraudulent "court orders" that Defendants proffered to Shopify.  The document's metadata reveals its author to be "marbur0918.gb@gmail.com," an email address belonging to Marcus Burman.  At a glance, the document appears to be legitimate: it purports to be from the Supreme Court of the State of New York, County of Queens; it contains a court caption with a designated Index Number; it states that it is enjoining Your Little Scientist from infringing activity; and it is signed by Justice Judith Martinez Jr.  Upon investigating, however, Shopify found no record of this lawsuit in the Supreme Court of the State of New York or anywhere else.  There is no judge by the name of Judith Martinez presiding in the County of Queens.

24.     When Shopify discovered the defects in the purported order that Saleem sent Shopify on Burman's behalf, Shopify asked Burman for the complaints that supposedly initiated his lawsuits against Your Little Scientist.  Rather than admit his deceit, Burman doubled down on his fraudulent scheme by fabricating a "complaint" that was supposedly filed in the non-existent lawsuits and providing that to Shopify.  A copy of the bogus complaint that Burman sent is attached as Exhibit B.

Harm from the Fraudulent Schemes

25.     While Defendants knew that these court documents were fake from the start, Shopify did not.  Before it learned of Defendants' scheme, Shopify accepted these court orders as legitimate, disabled the targeted content from its platform, and assessed strikes to Your Little Scientist.  Because Defendants sent multiple court orders concerning multiple alleged

infringements over time, Shopify shut down Your Little Scientist's account on the Shopify platform.

26.     After discovering the fraud, Shopify removed the strikes it had issued, and re-enabled Your Little Scientist's account.

27.     Shopify's investigative efforts that led to the discovery of Defendants' fraud, and its efforts to undo the effects of that fraud, cost Shopify tens of thousands of dollars in personnel time and resources.  The loss of goodwill that Shopify suffered with the affected merchant cannot be quantified.

**<u>FIRST CAUSE OF ACTION</u>**

<u>Violation of 17 U.S.C. § 512(f)</u>

28.     Shopify realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, and incorporates them by reference herein.

29.     Defendant Burman knowingly created fake court documents, including court orders that purportedly found a competing store called Your Little Scientist to be liable for infringement.  Defendant Saleem knowingly sent these fake court orders to Shopify on Burman's behalf through the DMCA's notice-and-takedown process.

30.     Shopify relied upon Defendants' knowing misrepresentations by refusing to reinstate the allegedly infringing content and by terminating the competing merchant's use of the Shopify platform.

31.     Defendants' fraudulent behavior has caused Shopify to expend substantial sums on its investigation to detect and halt that behavior, and on efforts to ensure that its merchants do not suffer adverse consequences from it.

32.     Even when faced with questions concerning his truthfulness, Burman has continued to dissemble.  Injunctive relief preventing Defendants from engaging in further misconduct in the future is necessary to prevent irreparable harm to Shopify in the form of lost customer goodwill.

## SECOND CAUSE OF ACTION

### Fraud Pursuant to New York Common Law

33.     Shopify realleges each and every allegation set forth in paragraphs 1 through 32, inclusive, and incorporates them by reference herein.

34.     In various emails sent to Shopify from March through May 2024, Defendants falsely represented to Shopify that they had filed suit against Your Little Scientist, and that they had secured court orders finding that Your Little Scientist had committed copyright infringement.

35.     These misrepresentations were made with scienter.  Defendants knew the representations were false, but made them to deceive Shopify into not restoring Your Little Scientist's content and into terminating Your Little Scientist's account with Shopify.

36.     In reasonable reliance on Defendants' misrepresentations, Shopify did not restore Your Little Scientist's content and terminated Your Little Scientist's account.

37.     Defendants' deception caused Shopify damages to be proven at trial, both in terms of harm to its relationship with its merchant, and in terms of the significant costs Shopify incurred to uncover and redress the fraud.

38.     Defendants' fraud warrants the imposition of punitive damages to punish and deter Defendants and others from similar misconduct in the future.

WHEREFORE, Shopify prays for the relief set forth below.

9

## PRAYER FOR RELIEF

Shopify prays for judgment against Defendants as follows:

a)  For an award of compensatory damages in an amount to be proved at trial arising from Defendants' violation of 17 U.S.C. § 512(f);

b)  For an award of its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 512(f);

c)  For an award of punitive damages in light of Defendants' fraudulent behavior;

d)  For preliminary and permanent injunctive relief barring Defendants, and all those in active concert with them, from submitting any materials to Shopify that falsely represent that material on the Shopify service is infringing copyrights, or that misrepresent the existence or status of legal proceedings;

e)  For such other, further, and different relief as the Court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Shopify requests a trial by jury.

DATED:  June 4, 2024                    Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

s/ *Morris J. Fodeman*
Morris J. Fodeman (N.Y. Bar # 2865905)
Jeremy Auster (N.Y. Bar # 5539101)
(*pro hac vice* application forthcoming)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: mfodeman@wsgr.com
Email: jauster@wsgr.com

*Counsel for Plaintiff Shopify Inc.*